**STATE OF NEW YORK, New York State Department of Social Services, and the New York State Department of Health, Plaintiffs–Appellants,**

v.

**Donna E. SHALALA, as Secretary of the United States Department of Health and Human Services, Shirley S. Chater, as Commissioner of the United States Social Security Administration, Franklin D. Raines, as Director of the Office of Management and Budget, Defendants–Appellees.**

No. 97–6226.

United States Court of Appeals, Second Circuit.

Argued March 10, 1998.

Decided June 4, 1998.

Katharine Demgen, Asst. Atty. Gen., New York City (Dennis C. Vacco, Atty. Gen. of State of New York, John W. McConnell, Deputy Solicitor Gen., Robert A. Forte, Asst. Atty. Gen., New York City, on brief), New York City, for Plaintiffs–Appellants.

Jonathan A. Willens, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty. for Southern District of New York, Gideon A. Schor, Asst. U.S. Atty., New York City, on brief), for Defendants–Appellees.

Before: OAKES, WALKER, and MAGILL,* Circuit Judges.

PER CURIAM:

The Department of Health and Human Services ("HHS") denied federal reimbursement to the State of New York and two of its agencies for interest costs associated with the State's acquisition of computer equipment and publicly owned building space used by the State to administer several social service programs that are partly funded by the federal government. These disallowances were affirmed by HHS's Departmental Appeals Board, whose decisions were upheld by the United States District Court for the Southern District of New York (Shira A. Scheindlin, *District Judge*). *See New York*

---

* The Honorable Frank J. Magill, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*v. Shalala,* 979 F.Supp. 177 (S.D.N.Y.1997); *New York v. Shalala,* 959 F.Supp. 614 (S.D.N.Y.1997).

The State of New York, the New York State Department of Social Services, and the New York State Department of Health appeal from Judge Scheindlin's grant of summary judgment in favor of HHS and against the State of New York and its two agencies. Appellants argue, *inter alia,* that the disallowances made by HHS were arbitrary and capricious notwithstanding the fact that they were in compliance with Office of Management and Budget Circular A–87, a directive first issued by the Bureau of the Budget in May 1968 and made applicable to HHS programs in 1973. *See* 45 C.F.R. § 74.27(a). We affirm the grant of summary judgment in favor of appellees for substantially the reasons set forth in the thorough and thoughtful district court opinions.